UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** 2:18-cv-07402-SJO-FFM | **DATE:** October 26, 2018 |
| **TITLE:** Rebecca Gutierrez et al v. Housing Authority of Los Angeles et al. | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

| **COUNSEL PRESENT FOR PLAINTIFF(S):** | **COUNSEL PRESENT FOR DEFENDANT(S):** |
|---|---|
| Not Present | Not Present |

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PETITIONERS' MOTION TO REMAND ACTION TO STATE COURT** [Docket No. 8]

This matter is before the Court on Petitioners Rebecca Gutierrez ("Gutierrez"), Carolyn Sinclair ("Sinclair"), and Monica M. Gonzalez's ("Gonzalez") (together, "Petitioners") Motion to Remand to State Court ("Motion"), filed September 6, 2018. Defendants Housing Authority of the City of Los Angeles ("HACLA") and Douglas Guthrie ("Guthrie") (together, "Defendants") opposed the Motion ("Opposition") on September 11, 2018. Petitioners replied ("Reply") on September 18, 2018. The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Petitioners' Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2018, Petitioners filed a petition ("Petition") in the Superior Court of California for the County of Los Angeles seeking to stop HACLA from allegedly violating 42 U.S.C. § 1437f(o)(2). (*See generally* Notice of Removal ("Notice"), Ex. 1, Pet., ECF No. 1-1.) Respondents accepted service of the Petition on June 1, 2018. (Mot. at ii; Opp'n at 2.) Petitioners subsequently filed an amended petition ("Amended Petition") on July 24, 2018. (*See generally*, Notice, Ex. 24, Am. Pet., ECF No. 1-24.) Respondents removed the action to federal court on August 23, 2018, on the ground that the matter arises out of application of federal statutes and regulations. (*See generally* Notice, ECF No. 1.)

The initial Petition alleged the following. Gutierrez and Sinclair are low-income single mothers who live within HACLA's jurisdiction and receive Section 8 assistance. (Pet. ¶¶ 3-4, 14, 26.) In 2018, HACLA approved rent increases to their landlords and increased the portion of rent that Gutierrez and Sinclair were required to pay. (Pet. ¶¶ 16, 28.) Gutierrez and Sinclair alleged that their increased rent payments required them to pay more than 30% of their monthly adjusted income towards rent, in violation of 42 U.S.C. § 1437f(o)(2). (Pet. ¶¶ 26, 28.)

Petitioners filed an Amended Petition on July 24, 2018. (*See generally* Am. Pet.) In the Amended Petition, Petitioners allege the same facts with respect to Gutierrez and Sinclair. (*See* Am. Pet.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   2:18-cv-07402-SJO-FFM            DATE: October 26, 2018

¶¶ 15-36.)  In addition, Petitioners allege that Gonzalez is a single mother of two who receives HACLA vouchers for a two-bedroom rental unit, but who has been living with her children in a three-bedroom rental unit with rent that was below HACLA's payment standard for a two-bedroom rental unit.  (Am. Pet. ¶¶ 5, 37, 40.)  In 2018, HACLA informed Gonzalez that the total contract rent was being increased and increased the portion of rent that she was required to pay.  (Am. Pet. ¶ 41.)  Petitioners allege that Gonzalez should receive vouchers for a three-bedroom unit as a reasonable accommodation given the family's composition, and that HACLA should increase her rent subsidy so that she is not required to pay rent in excess of 30% of her monthly income.  (Am. Pet. ¶¶ 40-41.)

II.    DISCUSSION

    A.    Legal Standard

Any civil action over which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district where such action is pending. 28 U.S.C. § 1441(a).  Remand may be ordered for lack of subject matter jurisdiction or for any defect in removal procedural.  *See* 28 U.S.C. § 1447(c).

Under 26 U.S.C. § 1446(b), a defendant must file their notice of removal within 30 days after being served with a complaint alleging a basis for removal.  28 U.S.C. § 1446(b)(1).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is . . . removable."  28 U.S.C. § 1446(b)(3).

    B.    Analysis

Petitioners seek to remand the present action to state court on the ground that Respondents failed to remove the action within 30 days of receipt of the initial Petition.  (Mot. at 1.)  Respondents argue that removal was timely because "the federal question actually became the focus of the action" after Petitioners filed their Amended Petition.  (Opp'n at 1.)

A defendant must file their notice of removal within 30 days after being served with a complaint alleging a basis for removal.  28 U.S.C. § 1446(b)(1).  Petitioners Gutierrez and Sinclair filed their initial Petition on May 29, 2018, alleging a single claim for violation of 42 U.S.C. § 1437f(o)(2). Respondents did not file their notice of removal until August 23, 2018.  The initial Petition was premised squarely on federal law and was therefore removable.  Respondents are not excused because they did not take the action seriously and failed to remove until after Petitioners filed the Amended Petition.

Respondents argue that their removal was timely given the "vastly expanded issues raised by the amended petition."  (Opp'n at 5.)  Specifically, Respondents argue that because HACLA granted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:     2:18-cv-07402-SJO-FFM          DATE: October 26, 2018

Sinclair's and Gutierrez's requests for reasonable accommodations and increased their rent subsidies on May 30 and May 31, 2018, respectively, their federal claims were legally moot. (Opp'n at 3.) Thus, "no significant conflict had arisen between the federal statutes and the federal regulations" until Petitioners amended their complaint to include Gonzalez on July 24, 2018. (Opp'n at 3-4.) Respondents' arguments are unavailing as the Amended Petition raises the same legal issues as the initial Petition. Both allege that Respondents violated 42 U.S.C. § 1437f(o)(2) by requiring Petitioners to pay more than 30% of their monthly income towards rent, and Gonzalez's unique factual allegations do not "vastly expand" or change this fundamental issue. The mere fact that Respondents' potential liability increased with the amendment is irrelevant as the federal questions presented are identical.

Furthermore, the cases cited by Respondents are inapplicable here. Respondents removed the action on the ground that the matter arises out of application of federal law (a theory of removal made available by the initial Petition). Unlike in *Durham v. Lockheed Martin Corp.*, or *Harris v. Bankers Life and Casualty Co.*, removal in the present case was not based on a distinct theory of removal later revealed, nor was the initial pleading "indeterminate" with respect to removability. 445 F.3d 1247 (9th Cir. 2006); 425 F.3d 689 (9th Cir. 2005). While the right of removal may be "revived" "where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute substantially a new suit begun that day," this case does present such a situation. *Dunn v. Gaiam*, 166 F. Supp. 2d 1273, 1279 (citing *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989)) (internal quotation marks omitted).

Respondents were required to filed their notice of removal within 30 days of Petitioners\' initial Petition, but failed to do so. The exceptions claimed by Respondents are inapplicable, therefore the Court **GRANTS** Petitioners' Motion.

III.     RULING

For the foregoing reasons, the Court **GRANTS** Petitioners' Motion to Remand to State Court.

IT IS SO ORDERED.